UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AVON COMPANY f/k/a NEW AVON LLC and LG H&H CO., LTD f/k/a LG HOUSEHOLD & HEALTH CARE, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FAREVA MORTON GROVE, INC. and FAREVA S.A., <br><br> Defendants. | SO ORDERED. <br><br> /s/ Alvin K. Hellerstein <br> October 7, 2022 <br><br> Case No. 1:22-cv-4724 |

**STIPULATED CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

ALVIN K. HELLERSTEIN, United States District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; and

WHEREAS, this Court finds that the terms herein are consistent with Rule 4 of the Court's Individual Rules and the authorities cited therein; and

WHEREAS, consistent with Rule 4 of the Court's Individual Rules, the Court retains the authority to review and reexamine the terms herein on an ongoing basis;

1

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder;

2. The Party or person producing or disclosing Discovery Material (each "Producing Party"), which may include a nonparty to this litigation who produces or discloses Discovery Material either voluntarily or pursuant to a subpoena, may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a)    previously non-disclosed financial information;

    (b)    previously non-disclosed business plans, product development information, marketing plans, or other competitively sensitive information;

    (c)    any information of a personal or intimate nature regarding any individual;

    (d)    any information required by law or regulation to be protected from public disclosure; or

    (e)    any other category of information given confidential status by this Court after the date of this Order.

Confidential information shall not include Discovery Material that is already publicly available to a Party adverse to the Producing Party, or that becomes publicly available to a Party adverse to the Producing Party other than through violation of this Order.

3.	With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, or, if the Discovery Material is produced in a form not appropriate for such stamping or marking, by notifying all Parties in writing at the time of production that the Discovery Material is Confidential.

4.	A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.	If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential"

designation within two business days of providing such notice. However, no Party shall incur liability or be deemed to be in violation of this Order based on disclosures made prior to receiving notice that such Discovery Material is designated as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a waiver of any proprietary or other rights to or in any Confidential information; (d) a limitation on counsel's right to render advice to the Party or Parties whom counsel represents in this litigation and, in the course thereof, to rely upon any Confidential information; (e) a limitation on a Producing Party's right to make use of its own Confidential or Attorneys Eyes Only information; or (f) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action:

    (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire to assist with this matter;

    (d) any mediator or arbitrator whom the Parties engage in this matter or whom this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

4

      (e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      (f)      any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

      (g)      any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

      (h)      stenographers engaged to transcribe depositions the Parties conduct in this action; and

      (i)      this Court, including any appellate court, its support personnel, and court reporters.

8.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the

5

confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.  All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall adhere to Rule 4(B) of this Court's Individual Rules and any additional instructions the Court may provide.  A party filing a Confidential Court Submission under seal in accordance with Rule 4(B) shall simultaneously serve opposing counsel with unredacted courtesy copies of the Confidential Court Submission by email to opposing counsel sent contemporaneously with the public filing of the redacted copy.

11. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of , the objection.  If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with paragraph 2(E) of this Court's Individual Rules.  A Party's failure to assert an objection or to raise a dispute before the Court at any time prior to the trial of this action shall not be construed to be a waiver of the objection or evidence of estoppel or laches.

12. A Party may designate Confidential Discovery Material as "Attorneys' Eyes Only" if that Party believes in good faith that the disclosure to any other Party would have a significant adverse impact on the designating Party's business, financial condition, or ability to compete, or otherwise would create a substantial risk of serious harm that could not be avoided by less

6

restrictive means. Such information includes, without limitation, research and development data, financial projections, financial information concerning the costs and pricing of goods, sales and profits, marketing research and strategy, and identities and lists of customers.

13. Before a Party produces Confidential Discovery Material containing "Attorneys' Eyes Only" information, it must affix an "ATTORNEYS' EYES ONLY" legend to each page of the Confidential Discovery Material that contains the Attorneys' Eyes Only information. Subject to the requirements of paragraph 7, Confidential Discovery Material designated "Attorneys' Eyes Only" may be shown only to (i) the persons referenced in subparagraphs 7(b), 7(c), 7(g), and 7(i), (ii) the author(s) and/or recipient(s) of that material, and (iii) any person who is deposed by the Party that designated the Confidential Discovery Material as "Attorneys' Eyes Only," provided that the designating Party identify for counsel for the opposing Party, at least five (5) days prior to the deposition, the Attorneys' Eyes Only information that will be used during the deposition.

14. A designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Attorneys' Eyes Only either by: (a) indicating on the record during the deposition that a question calls for Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Attorneys' Eyes Only Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating Party or that person's counsel.

15. Any Party who requests additional limits on disclosure (such as "Attorneys' Eyes Only" in other extraordinary circumstances), may at any time before the trial of this action serve

7

upon counsel for the recipient Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel will address their dispute to this Court in accordance with Rule 2(E) of this Court's individual Rules.

16. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Pursuant to Federal Rule of Evidence 502(d), the production of documents, electronically stored information ("ESI") or other Material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity ("Privileged Information"), whether inadvertent or otherwise, does not constitute a waiver of any applicable privilege or protection

8

from discovery in this action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

   a. Clawback Procedures. If a Producing Party becomes aware of the production of Privileged Information, it must send the Receiving Party a Notice of Recall requesting, at the Producing Party's election, either the return or the destruction of the Privileged Information. The Notice of Recall shall identify by production number the Privileged Information sought for clawback along with the asserted basis for privilege or protection for each identified document. Within five (5) business days after receiving such notification, the Receiving Party must return or destroy any document over which privilege or protection is asserted, except if the Receiving Party intends to challenge the assertion of privilege or protection. If the Receiving Party disputes the assertion of privilege or protection, the Parties must meet and confer about the dispute within fourteen (14) days after the Producing Party sends the Receiving Party the Notice of Recall. If the Parties are unable to resolve the dispute through the meet-and-confer process, the Parties may submit to the Court any dispute in accordance with Section 2(E) of this Court's Individual Rules. Until the dispute is resolved, the Receiving Party may not use the claimed Privileged Information during any deposition or for any purpose other than challenging the assertion of privilege or protection.

   b. Recall During Depositions. If the recall of Privileged Information is made orally during the taking of a deposition or shortly before a deposition, defending counsel shall, within five (5) business days of the deposition, submit a Notice

9

of Recall, and the Parties shall follow the process outlined in Paragraph 16(b), above. If the Parties agree, or the Court determines, the Privileged Information is not subject to a valid claim of privilege or work product protection, the Parties may submit to the Court any dispute regarding the appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

c. Limitations and Non-Waiver. Nothing in this Order limits the right of any Party to petition the Court for an in-camera review of the Privileged Information to challenge the basis of the assertion of privilege/protection.

20. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return such material, including all copies thereof, to the Producing Party, or destroy such material. including all copies thereof. In either event. by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations. summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, and attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

22. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

**SO STIPULATED AND AGREED.**

| TROUTMAN PEPPER HAMILTON SANDERS LLP | KELLEY DRYE & WARREN LLP |
|---|---|
| By: */s/ Michael Lacy*<br>Michael Lacy<br>1001 Haxall Point, 15th Floor<br>Richmond, VA 23219<br>Telephone: (804) 687-1200<br>Facsimile: (804) 697-1339<br>michael.lacy@troutman.com<br><br>*Attorneys for Defendants* | By: */s/ Robert I. Steiner*<br>Robert I. Steiner<br>David Zalman<br>3 World Trade Center<br>175 Greenwich Street<br>New York, New York 10007<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897<br>rsteiner@kelleydrye.com<br>dzalman@kelleydrye.com<br><br>*Attorneys for Plaintiffs* |

**SO ORDERED.**

Dated:
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AVON COMPANY f/k/a NEW AVON LLC and LG H&H CO., LTD f/k/a LG HOUSEHOLD & HEALTH CARE, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FAREVA MORTON GROVE, INC. and FAREVA S.A., <br><br> Defendants. | Case No. 1:22-cv-4724 |

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation 1 will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____
                                                                   Name: