UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
THE AVON COMPANY f/k/a NEW AVON LLC :
and LG H&H CO., LTD f/k/a LG HOUSEHOLD & :
HEALTHCARE, LTD.,                                            : **AMENDING ORDER**
                                                             : **CONCERNING LIQUIDATED**
                            Plaintiffs                       : **DAMAGES**
                                                             :
         -against-                                           :
                                                             : 22 Civ. 4724 (AKH)
                                                             :
                                                             :
FAREVA MORTON GROVE, INC. and FAREVA :
S.A.,                                                        :
                                                             :
                            Defendants.                      :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

  This order amends the second paragraph of my order of October 12, 2023 providing a briefing schedule regarding liquidated damages.

  *Equitable Lumber Corp. v. IPA Land Develop. Corp.*, 38 N.Y.2d 516 (1975) holds that "[d]amages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy." *Equitable Lumber Corp.*, 38 N.Y.2d at 520. The rule is consistent with NY UCC 2-718, which provides, in substance, that "a liquidated damages provision will be valid if reasonable with respect to *either* (1) the harm which the parties anticipate will result from the breach at the time of contracting or (2) the actual damage suffered by the nondefaulting party at the time of breach." *Id.* at 521. However, even if the first part of the rule is satisfied, a liquidated damages clause "may nonetheless be invalidated . . . if it is so unreasonably large that it serves as a penalty rather than a good faith attempt to pre-estimate damages." *Id.*

There are two liquidated damages clauses in the contract: section 13.3(d) and Schedule D. Reasonableness will have to be shown, separately and together, in anticipation of a breach, and in relation to actual damages, that is, the difference between the contract prices and the "cover" prices. NY UCC § 2-718. Anticipated damages will have to be shown by proofs of communications exchanged between the parties in forming the contract and in the context of surrounding circumstances. Plaintiff Avon has the burden of proof.

As to actual damages that might have been recoverable, the relevant proof will have to show if there were sources in the market that would have allowed Avon reasonably to procure the goods that Fareva failed timely to supply. Counsel shall advise who should be given the burden of proof on this issue.

Counsel also should advise of any disagreements with the statements made in the preceding paragraphs which, otherwise, shall be considered the law of the case.

The second paragraph of my order of October 12, 2023 requiring counsel to advise the court as to the enforceability of the contract's liquidated damages clauses is vacated. By October 30, 2023, counsel shall submit their views on the questions put to them in this order, and by November 9, 2023, any opposition to such views.

The first paragraph of my order of October 12, 2023 remains in effect, to be performed on the dates stated.

SO ORDERED.

Dated: October 16, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge