UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
THE AVON COMPANY f/k/a NEW AVON LLC
and LG H&H CO., LTD f/k/a LG HOUSEHOLD &
HEALTHCARE, LTD.,

                        Plaintiffs,

    -against-

FAREVA MORTON GROVE, INC. and FAREVA
S.A.,

                        Defendants.
---------------------------------------------------------------- x

**ORDER**

22 Civ. 4724 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

The parties shall appear before the Court for oral arguments on the issues covered in their most recent briefs on discovery and damages on December 5, 2023 at 10:30 a.m. Due to the number and complexity of issues covered, the arguments will take place in the following order:

1. **Further Discovery**

First, the Court will hear argument from both sides as to further discovery required by the parties. In order to facilitate productive conversation, the parties must reform many of the ambiguous requests made in their discovery and damages briefings. By November 30, each side shall submit to the Court a list of specific witnesses it seeks to depose, as well as what particular information each witness will provide that will aid the parties in their cases.

The Court is inclined to allow Jean-Paul David, Christophe Petras, and Jair Cole to testify for Avon about negotiations of the MSA as well as calculation of the NLSPs. As to the requests for depositions of Philip McCarmey, Charles Stringer, Fabricio Yamanka, Alibvier Allou, Herve Bichon, Bernard Fraisse, and Luc Volatier, it is inclined to deny Avon's requests to depose, unless by November 30, Avon can explain to the Court in detail why it needs to depose these individuals. The rest of Avon's overly broad requests for potential trial witnesses are denied without prejudice. If Avon wishes to depose additional

individuals who it believes will be helpful at trial, it must also provide that information to the Court in a detailed filing with the names of each person and the information they will each provide by November 30.

Fareva's requests for further discovery were broad and ambiguous. Accordingly, the Court denies all of Fareva's discovery without prejudice. Fareva, too, may reform its prior filings into specific requests, enumerating the individuals sought to be deposed by name, and explaining in detail what information they will provide that will be relevant to the case. This submission must be made by November 30.

The Court will review these reformed discovery submissions ahead of the conference, and the parties will have a change to present argument as to their submissions.

2. **Burden of Proof**

Next, the Court will hear arguments concerning who bears the burden of proving the reasonableness, or unreasonableness, of the liquidated damages clauses.

3. **Section 13 Early Termination Damages**

Third, the Court will hear arguments concerning the $28,000,000 in Section 13 damages claimed by Avon. The parties may briefly present argument as to whether the early termination clause was triggered at all, but they should focus the majority of their time arguing as to the reasonableness of the Section 13 damages. The parties should be prepared to explain by what metric or referential they are each measuring reasonableness and should draw upon the law in doing so.

4. **Schedule D Damages**

Finally, the Court will hear arguments as to whether the $212,000,000 in Schedule D damages claimed by Avon is reasonable. Again, the parties should be prepared to explain what metric or referential is used to measure reasonableness and should back up the use of such metric with the law.

Argument will only be heard in this order, and discussion of further discovery will not be held if the parties fail to make their submissions as to witnesses by November 30. By December 4, the parties should provide the Court with a list of attorneys appearing on the record at the conference.

SO ORDERED.

Dated:      November 22, 2023          __/s/ Alvin K. Hellerstein_____
                New York, New York          ALVIN K. HELLERSTEIN
                                            United States District Judge