# King & Spalding

Since the requests for sealing pertain to documents produced by Avon, this motion is denied, subject to motion by Avon.

    SO ORDERED.
Dated: 1/12/24         /s/ Alvin K. Hellerstein
New York, New York    Alvin K. Hellerstein
                          United States District Judge

King & Spalding LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Direct Dial: +1 212 827 4019
rmastro@kslaw.com

November 16, 2023

**Via ECF**

Hon. Alvin K. Hellerstein
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *The Avon Company f/k/a New Avon LLC, et al. v. Fareva Morton Grove, Inc., et al.*,
        No. 1:22-cv-04724-AKH

Dear Judge Hellerstein:

    I write as counsel to Fareva Morton Grove, Inc. and Fareva S.A. (collectively, "Fareva") in the above-captioned action to respectfully request that the Court enter an order maintaining under seal the documents listed below, which Fareva is submitting as exhibits in support of Fareva's Opposition to Avon's Memorandum of Law Concerning the Legal Standard Governing the Enforceability of the MSA's Liquidated Damages Provisions and the Need for Additional Discovery (the "Opposition"). Copies of these documents and Fareva's Opposition are being filed contemporaneously under seal pursuant to the Court's standing order, 19-mc-00583, and Your Honor's Individual Rule 4(B). In support of this letter motion, Fareva states as follows:

    On October 7, 2022, the Court entered a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"). *See* ECF No. 65. The Protective Order permits either party to designate Discovery Material as "Confidential" or "Attorneys' Eyes Only." *See id.* ¶¶ 2, 12. In support of its Opposition, Fareva is submitting as exhibits copies of the following documents, which Avon produced in this action with the designation of "Confidential" pursuant to the Protective Order (collectively, the "Avon Confidential Documents"):

    1.    A PowerPoint presentation bearing bates numbers AVON0013859–AVON0013866 (Ex. 2).

    2.    An e-mail chain bearing bates numbers AVON0054483–AVON0054485 (Ex. 3).

    By making this sealing request with respect to the Avon Confidential Documents, Fareva does not contend that good cause exists to designate any of the foregoing materials as Confidential within the meaning of the Protective Order, or to maintain these documents under

seal on the public docket. Fareva merely seeks to comply with its obligations under the Protective Order with respect to documents Avon has designated as Confidential and to afford Avon the opportunity to seek to maintain these documents under seal. Accordingly, Fareva respectfully requests that the Court initially maintain such documents under seal, subject to the Court's review of Avon's position on whether these documents should be maintained under seal. In addition to submitting the Avon Confidential Documents as exhibits in support of its Opposition, Fareva also describes information derived from the Avon Confidential Documents in the Opposition. Fareva has redacted portions of its Opposition accordingly and, for the same reasons, also respectfully requests that the Court initially maintain under seal the redacted portions of Fareva's Opposition. As needed, Fareva is prepared to re-file the Avon Confidential Documents or its Opposition, or portions thereof, publicly.

      As always, we thank the Court for its consideration.

Respectfully submitted,

*/s/ Randy M. Mastro*
Randy M. Mastro

cc:    All counsel of record (via ECF)