UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

THE AVON COMPANY f/k/a NEW AVON LLC
and LG H&H CO., LTD f/k/a LG HOUSEHOLD &
HEALTHCARE, LTD.,

                                    Plaintiffs,

       -against-

FAREVA MORTON GROVE, INC. and FAREVA
S.A.,

                                Defendants.

------------------------------------------------------------------- x

**ORDER**

22 Civ. 4724 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

**Background**

Plaintiffs The Avon Company and LG H&H Co., Ltd., sellers of beauty products, brought

this suit against defendants Fareva Morton Grove, Inc. and Fareva S.A., alleging that the

defendants breached the parties' long-term Manufacturing and Supply Agreement ("MSA"),

which required the defendants to manufacture and supply a substantial number of plaintiffs'

products. The MSA allows termination of the contract under two circumstances—first, for cause

if the plaintiffs fail to pay a "material undisputed" amount within sixty days of receipt of written

notice; and second, for convenience after January 1, 2022, with two-years written notice and

payment of an early termination fee, as outlined in Section 13 of the MSA. Fareva, by its letter

of March 29, 2022, purported to terminate the contract because of breach by Avon through its

failure to pay the 2020 PPV Invoice.

The parties both moved for summary judgment on the issue of early termination, whether for default, as Fareva claims, or for convenience, as Avon claims. Avon argues that Fareva terminated for convenience because Avon disputed the 2020 PPV Invoice, and that non-payment of a disputed amount is not a breach. Fareva argues that payment of the 2020 PPV Invoice was undisputed, thereby allowing them to terminate for cause and without penalty.

## Discussion

Avon's motion is granted insofar as it asks the Court to recognize that the $621,000 2020 PPV Invoice was the subject of a material dispute. Avon repeatedly told Fareva it would hold back payment of the PPV Invoice because of ongoing NSLP[1] disputes of the kind previously resolved by reconciliation. ECF No. 270 at 10-11. Fareva's internal emails affirmed its knowledge that Avon was disputing the PPV Invoice, stating that 1.4 million of Avon's outstanding payments were "disputed related to labor ($.08M) and 2020 PPV ($0.6M)[.]" *See* ECF No. 268 at ¶¶ 18-19. Further, one of Fareva's internal records used to track overdue payments referred to Avon's outstanding balance, which encompassed the 2020 PPV Invoice, as a "disputed balance." ECF No. 270 at 17. The record thus clearly shows that there was a dispute as to the PPV Invoice underlying the termination.

Avon's motion also requests that the Court order Fareva to pay $28,000,000 in early termination fees. Plaintiff Avon's motion invokes Section 13 of the MSA. The enforceability of this clause is the subject of ongoing discovery, and so this part of the plaintiff's request is premature and is therefore denied.

---

[1] NSLPs, or net service level payments, are weekly calculations called for by the MSA which determine amounts of outstanding orders or products, and are applied as credits against amounts owed by the purchaser to the supplier. The full formula for calculation of NSLPs is set out in Section 2(a)-(e) of the MSA.

Fareva's motion is denied.  First, its request that the Court rule the $28,000,000 Section 13 damages are unrecoverable is premature, as it depends upon further discovery into contract negotiation and the reasonableness of the liquidated damages provisions.  Second, its request that the Court rule that the 2020 PPV Invoice was undisputed is denied because of the reasons stated above.

Fareva's pretext for notice that Avon was in default is without merit.  I hold that Fareva's notice of termination was an improper notice and did not excuse Fareva's failure to make continued timely production. The consequence of its improper termination awaits further proceedings.

The Clerk of Court shall terminate ECF Numbers 266 and 288.

SO ORDERED.

Dated:       February 5, 2024
             New York, New York

ALVIN K. HELLERSTEIN
United States District Judge