

Granted.  The Clerk of Court shall maintain ECF Nos. 310 and 312 under seal, viewable only to the attorneys for the parties and Chambers personnel.

SO ORDERED.

Dated: 2/6/24        /s/ Alvin K. Hellerstein
New York, New York   Alvin K. Hellerstein
                     United States District Judge

**Robert I. Steiner**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7965
Fax: (212) 808-7897
rsteiner@kelleydrye.com

February 2, 2024

**VIA ECF**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *The Avon Company f/k/a New Avon LLC et al. v. Fareva Morton Grove, Inc. et al.*, Case No. 22-cv-4724

Dear Judge Hellerstein:

  We represent Plaintiffs The Avon Company f/k/a New Avon LLC and LG H&H Co., Ltd. f/k/a LG Household & Health Care, Ltd. (collectively, "Avon") in the above-referenced matter.

  We write to respectfully request that the Court enter an Order to maintain under seal portions of Avon's Opposition to Fareva's Motion for Partial Summary Judgment on Avon's Early Terminations Fee Claim (the "Opposition") and Avon's Response to Fareva's Local Rule 56.1 Statement of Undisputed Facts (the "Response").  (ECF Nos. 310, 312.)

  On October 7, 2022, the Court entered a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order").  (ECF No. 65.)  The Protective Order permits either party to designate Discovery Material as "Confidential" or "Attorney's Eyes Only," and provides that information so designated may not be disclosed except as expressly permitted under the Protective Order.  (ECF No. 65 at ¶¶ 2, 12.)

  In addition, pursuant to Section 11.1 of the parties' Manufacturing and Supply Agreement (the "MSA"), the parties agreed to "keep completely confidential and not publish or otherwise disclose and not use, directly or indirectly, for any purpose, any Confidential Information furnished or otherwise made known to it, directly or indirectly, by or on behalf of the other Party[.]"  (ECF No. 7-1 at §11.1.)  The MSA defines "Confidential Information" as "any information provided by or on behalf of one Party . . . relating to the terms of this Agreement[.]"  (ECF No. 7-1 at Definitions.)

  On January 26, 2024, Avon filed its Opposition and Response. (ECF Nos. 310, 312.) These documents contain citations to, and reflect the contents of, several previously-filed documents which are designated Confidential or Attorneys' Eyes Only pursuant to the Protective Order, and which were

Hon. Alvin K. Hellerstein
February 2, 2024

filed under seal. As such, Avon filed therewith a letter motion seeking to seal portions of the Opposition and Response that reflect the contents of such documents. (ECF No. 308.)

On January 29, 2024, your Honor denied Avon's letter motion to seal, and instructed Avon to refile it with "specific references to the portions, exhibits, or documents to be maintained under seal." (ECF No. 314.) Accordingly, Avon identifies the following Confidential or Attorneys' Eyes Only documents, which were previously filed under seal, which form the basis of Avon's letter motion:

1. An email produced by Fareva in this action Bates stamped FMG_00146209 – FMG_00146211, which Fareva designated as "Confidential" (ECF No. 171-2; *see also* ECF No. 167);

2. An e-mail produced by Avon in this action Bates stamped AVON0067758 – AVON0067760, which Avon designated as "Confidential." (ECF No. 223-23; *see also* ECF No. 216);

3. A letter produced by Avon in this action Bates stamped AVON0000554 – AVON0000555, which Avon designated as "Confidential." (ECF No. 223-25; *see also* ECF No. 216);

4. A letter produced by Avon in this action Bates stamped AVON0000558 – AVON0000559, which Avon designated as "Confidential." (ECF No. 223-26; *see also* ECF No. 216);

5. A letter produced by Avon in this action Bates stamped AVON0000567 – AVON0000569 , which Avon designated as "Confidential." (ECF No. 223-29; *see also* ECF No. 216);

6. A letter produced by Avon in this action Bates stamped AVON0000573 – AVON0000574, which Avon designated as "Confidential." (ECF No. 223-30; *see also* ECF No. 216);

7. A letter produced by Avon in this action Bates stamped AVON0000563, which Avon designated as "Confidential." (ECF No. 223-32; *see also* ECF No. 216);

8. A letter produced by Avon in this action Bates stamped AVON0004558 – AVON0004574, which Avon designated as "Confidential." (ECF No. 223-33; *see also* ECF No. 216);

9. A copy of the Asset Purchase Agreement between Avon and Fareva, produced by Fareva in this action Bates stamped FMG_00359578 – FMG_00359785, which Fareva designated as "Confidential." (ECF No. 224-1; *see also* ECF No. 215);

10. An email and its attachment produced by Fareva in this action Bates stamped FMG_00006801 – FMG_00006802, which Fareva designated as "Confidential." (ECF No. 224-2; *see also* ECF No. 215);

11. An email and its attachments produced by Fareva in this action Bates stamped FMG_00106908 – FMG_00106911, which Fareva designated as "Confidential" and "Attorneys' Eyes Only." (ECF No. 241-1; *see also* ECF No. 233);

Hon. Alvin K. Hellerstein
February 2, 2024

12. An email produced by Fareva in this action Bates stamped FMG_00359385 – FMG_00359390, which Fareva designated as "Confidential." (ECF No. 275-1; *see also* ECF No. 265);

13. An email produced by Fareva in this action Bates stamped FMG_00131481 – FMG_00131484, which Fareva designated as "Confidential." (ECF No. 275-2; *see also* ECF No. 265);

14. An e-mail produced by Avon in this action Bates stamped AVON0053990–AVON0053993, which Avon designated as "Confidential." (ECF 278-3; *see also* ECF 272); and

15. An e-mail produced by Avon in this action bearing Bates numbers AVON0053990 – AVON0053993, which Avon designated as "Confidential." (ECF No. 279-3; *see also* ECF No. 272).

Avon respectfully requests that the Court maintain under seal any portions of the Opposition and the Response that reference or quote any of the foregoing documents, subject to any contrary request by Fareva at any time.

In making this sealing request, Avon contends that good cause exists to maintain under seal the documents it has produced as "Confidential" or "Attorneys' Eyes Only" because (i) Section 11.1 of the MSA requires Avon to maintain the confidentiality of such documents, and/or (ii) the documents contain sensitive information related to Avon's financial decisions, and the operations of Avon's business.  As to the documents Fareva has produced, by making this sealing request, Avon is not contending that good cause exists to designate any of the foregoing materials as Confidential within the meaning of the Protective Order.  Instead, Avon merely seeks to comply with its obligations under the Protective Order to file under seal documents that Fareva has designated as Confidential.  With Fareva's permission, Avon is prepared to re-file the foregoing documents or portions thereof publicly.

Thank you in advance for your consideration of this request.

Respectfully submitted,

*/s/ Robert I. Steiner*
Robert I. Steiner

cc:  All Counsel of Record (via ECF)