> The Clerk shall strike ECF 350-1 from the docket. It is improperly shared material covered by the attorney-client privilege, and as such should not be available to the defendants.
>
> SO ORDERED.
>
> Dated: 3/18/24  /s/ Alvin K. Hellerstein
> New York, New York  Alvin K. Hellerstein
> United States District Judge

**Kelley Drye**

**Robert I. Steiner**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7965
Fax: (212) 808-7897
rsteiner@kelleydrye.com

March 15, 2024

**VIA ECF**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *The Avon Company f/k/a New Avon LLC et al. v. Fareva Morton Grove, Inc. et al.*, Case No. 22-cv-4724

Dear Judge Hellerstein:

    We represent Plaintiffs The Avon Company f/k/a New Avon LLC and LG H&H Co., Ltd. f/k/a LG Household & Health Care, Ltd. (collectively, "Avon") in the above-referenced matter. We write to respectfully request that the Court enter an Order striking from the docket ECF No. 350-1—filed as an exhibit to the Joint Letter dated March 14, 2024 (ECF No. 350)—and maintaining that document under seal. In support of this Letter Motion, Avon states as follows:

    On October 7, 2022, the Court entered a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"). (ECF No. 65.) The Protective Order permits either party to designate Discovery Material as "Confidential," and provides that information so designated may not be disclosed except as expressly permitted under the Protective Order. (ECF No. 65 at ¶¶ 2, 7.)

    On February 21, 2024, at the deposition of Avon consultant Thomas Klein, Fareva's counsel presented as an exhibit a document Bates stamped AVON0090551 – AVON0090553 (ECF No. 350-1), which Avon had inadvertently produced, and which contains communications subject to the attorney-client and work product privileges. When presented with the document at Mr. Klein's deposition, Avon's counsel immediately informed Fareva's counsel that the document was privileged and that Avon was asserting its clawback rights over it. Thereafter, on February 27, 2024, pursuant to Paragraph 19(b) of the Protective Order, Avon served Fareva with a Notice of Recall requesting that Fareva immediately sequester and destroy all copies of the document, as well as any notes or other materials in Fareva's possession that reflect the privileged and/or work product information contained therein. Fareva disputed Avon's assertion of privilege and, following a meet and confer, filed the parties' Joint Letter concerning that dispute.

    Without Avon's prior knowledge or consent, Fareva attached to the Joint Letter an unredacted

Hon. Alvin K. Hellerstein
March 15, 2024

version of the document that Avon seeks to claw back. (ECF No. 350-1.) This filing violates the Protective Order because: (i) the parties' dispute concerning the privileged nature of the document has not yet been resolved; and (ii) even if the document is not privileged, as Fareva claims, *Avon designated the document as "Confidential" pursuant to the Protective Order*. Thus, regardless of the privilege status of the document, Fareva was obligated to file it under seal. Moreover, Avon's designation of the document as "Confidential" was consistent with Paragraph 2 of the Protective Order because it contains previously non-disclosed, competitively sensitive information concerning Avon's negotiation of the MSA's liquidated damages provision.

Thus, Avon respectfully requests that the Court immediately strike ECF No. 350-1 from the docket and maintain it under seal.

Thank you in advance for your consideration of this request.

Respectfully submitted,

*/s/ Robert I. Steiner*
Robert I. Steiner

cc: All Counsel of Record (via ECF)