

Robert I. Steiner

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7965
Fax: (212) 808-7897
rsteiner@kelleydrye.com

November 16, 2023

**VIA ECF**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> The motion is granted. The Clerk of Court shall maintain the seal of ECF No. 235 ad 238 to be viewable only by the parties and Court personnel. The Clerk shall terminate ECF No. 233.
> SO ORDERED.
> Dated: 5/14/24         /s/ Alvin K. Hellerstein
> New York, New York    Alvin K. Hellerstein
>                       United States District Judge

Re: *The Avon Company f/k/a New Avon LLC et al. v. Fareva Morton Grove, Inc. et al.*, Case No. 22-cv-4724

Dear Judge Hellerstein:

We represent Plaintiffs The Avon Company f/k/a New Avon LLC and LG H&H Co., Ltd. f/k/a LG Household & Health Care, Ltd. (collectively, "Avon") in the above-referenced matter. We write to respectfully request that the Court enter an Order to maintain under seal the documents discussed below, copies of which are being contemporaneously filed under seal pursuant to the Court's standing order, 19-mc-00583, and this Court's Individual Rule 4(B)(ii). In support of this Letter Motion, Avon states as follows:

On October 7, 2022, the Court entered a Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"). (ECF No. 65.) The Protective Order permits either party to designate Discovery Material as "Confidential" or "Attorney's Eyes Only," and provides that information so designated may not be disclosed except as expressly permitted under the Protective Order. (ECF No. 65 at ¶¶ 2, 12.)

In addition, pursuant to Section 11.1 of the parties' Manufacturing and Supply Agreement (the "MSA"), the parties agreed to "keep completely confidential and not publish or otherwise disclose and not use, directly or indirectly, for any purpose, any Confidential Information furnished or otherwise made known to it, directly or indirectly, by or on behalf of the other Party[.]" (ECF No. 7-1 at §11.1.) The MSA defines "Confidential Information" as "any information provided by or on behalf of one Party . . . relating to the terms of this Agreement[.]" (ECF No. 7-1 at Definitions.)

On September 21, 2023 and October 16, 2023, respectively, the Court issued Orders directing the parties to set forth their positions concerning: (i) any additional discovery needed; and (ii) the legal standard governing the enforceability of the liquidated damages provisions contained in the parties' Manufacturing and Supply Agreement, and to file any opposition to such views by November 9, 2023.

Hon. Alvin K. Hellerstein
November 16, 2023

(ECF Nos. 192, 211.) On November 6, 2023, the Court granted the request for a one-week extension of time from November 9, 2023 to November 16, 2023 for the parties to file their opposition briefs. (ECF No. 232.)

      Accordingly, Avon is submitting a Memorandum of Law In Opposition to Fareva's Brief Concerning Avon's Liquidated Damages and Additional Discovery Needed in the Case (the "Memorandum"). In connection with the Memorandum, Avon intends to submit the following documents as Exhibits to the Declaration of Robert I. Steiner, dated November 16, 2023 (the "Steiner Decl."), and the Declaration of Thomas Klein, dated November 16, 2023 (the "Klein Decl."):

1. An email and its attachments produced by Fareva in this action bearing Bates numbers FMG_00106908 – FMG_00106911, which Fareva designated as "Confidential" and "Attorneys' Eyes Only" (Steiner Decl. Ex. 2);

2. An email and its attachment produced by Avon in this action bearing Bates numbers AVON0005385 – AVON0005410, which Avon designated as "Confidential" (Klein Decl. Ex. 3);

3. An email and its attachment produced by Fareva in this action bearing Bates numbers FMG_00249866 – FMG_00249872, which Fareva designated as "Confidential" (Klein Decl. Ex. 4);

4. An email and its attachment produced by Avon in this action bearing Bates numbers AVON0013401 – AVON0013402, which Avon designated as "Confidential" (Klein Decl. Ex. 5);

5. An email produced by Fareva in this action bearing Bates numbers FMG_00209336– FMG_00209337, which Fareva designated as "Confidential" (Klein Decl. Ex. 6);

6. An email produced by Fareva in this action bearing Bates numbers FMG_00168112– FMG_00168119, which Fareva designated as "Confidential" (Klein Decl. Ex. 7);

7. An email produced by Fareva in this action bearing Bates numbers FMG_00152470– FMG_00152471, which Fareva designated as "Confidential" (Klein Decl. Ex. 8);

8. An email produced by Fareva in this action bearing Bates numbers FMG_00135794– FMG_00135798, which Fareva designated as "Confidential" (Klein Decl. Ex. 9);

9. A letter produced by Fareva in this action bearing Bates numbers FMG_00151779– FMG_00151780, which Fareva designated as "Confidential" (Klein Decl. Ex. 10);

10. An email produced by Fareva in this action bearing Bates numbers FMG_00006370, which Fareva designated as "Confidential" (Klein Decl. Ex. 11);

11. An email produced by Fareva in this action bearing Bates numbers FMG_00190529– FMG_00190531, which Fareva designated as "Confidential" (Klein Decl. Ex. 12);

Hon. Alvin K. Hellerstein
November 16, 2023

    12. An excel produced by Avon in this action bearing Bates numbers AVON0086742, which Avon designated as "Attorneys' Eyes Only" (Klein Decl. Ex. 13); and

    13. An excel produced by Avon in this action bearing Bates numbers AVON0061262, which Avon designated as "Attorneys' Eyes Only" (Klein Decl. Ex. 14).

Avon respectfully requests that the Court maintain under seal the above-referenced exhibits, as well as any portions of the Memorandum referencing or quoting those exhibits, subject to any contrary request by Fareva at any time.

In making this sealing request, Avon contends that good cause exists to maintain under seal the documents it has produced as "Confidential" or "Attorneys' Eyes Only" because (i) Section 11.1 of the MSA requires Avon to maintain the confidentiality of such documents, and/or (ii) the documents contain competitively sensitive information related to Avon's Independent Sales Representatives, including their names, and the operations of Avon's business. As to the documents Fareva has produced, by making this sealing request, Avon is not contending that good cause exists to designate any of the foregoing materials as Confidential within the meaning of the Protective Order. Instead, Avon merely seeks to comply with its obligations under the Protective Order to file under seal documents that Fareva has designated as Confidential. With Fareva's permission, Avon is prepared to re-file the foregoing documents or portions thereof publicly.

Thank you in advance for your consideration of this request.

                                                Respectfully submitted,

                                                */s/ Robert I. Steiner*
                                                Robert I. Steiner

cc: All Counsel of Record (via ECF)