UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
THE AVON COMPANY, f/k/a NEW AVON : **ORDER DENYING CROSS-**
LLC, and LG H&H COMPANY, LTD., : **MOTIONS FOR SUMMARY**
: **JUDGMENT**
Plaintiffs, :
-against- :
: 22 Civ. 4724 (AKH)
FAREVA MORTON GROVE, INC. and :
FAREVA S.A., :
:
Defendants. :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

The Avon Company, LLC and LG H&H Company, Ltd. ("Avon," or Plaintiffs), and Fareva Morton Grove, Inc. and Fareva S.A. (collectively "Fareva," or Defendants), by cross-motions, ask me to declare the enforceability of two liquidated damages provisions in their long-term Manufacturing and Supply Agreement (the "MSA"). After careful study of the parties' papers and briefs, I deny both parties' partial motions for summary judgment. The parties raise material issues of fact that require trial on the issue of damages.

Summary judgment may be granted only when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Bronx Household of Faith v. Board of Educ.*, 492 F.3d 89, 96 (2d Cir. 2007).

There are issues of fact as to the reasonableness, and therefore the enforceability of both the MSA's Early Termination Fee provision and the Net Level Service Payment ("NSLP") provision. The parties' use of the label "penalty" is not conclusive as a matter of law. *Brandwein v. Tourlite Int'l Airlines, Inc.*, 503 N.Y.S. 2d 934, 935 (Civ. Ct. 1986) ("Use of the word 'penalty' … is not conclusive"); *see also CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 375 (S.D.N.Y. 2019). As such I must consider the reasonableness of the liquidated damages provisions, see N.Y. U.C.C. § 2-718(1), which requires determinations of the disputed facts.

The trial should be consolidated with the trial on Fareva's counterclaims.

I will meet with the parties on October 27, 2025 at 10:30am in Courtroom 14D, 500 Pearl St, New York NY to regulate further proceedings and to set a trial date. The parties shall meet and discuss and file before noon on October 24, 2025 an agenda of the issues either or both wish to discuss.

The Clerk of Court shall terminate ECF Nos. 423 and 432.

SO ORDERED.

Dated: October 21, 2025
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge