UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
: 
THE AVON COMPANY, f/k/a NEW AVON      :  **OPINION AND ORDER**
LLC, and LG H&H COMPANY, LTD.,        :  **REGARDING BURDEN OF**
:  **PROOF FOR LIQUIDATED**
                              Plaintiffs, :  **DAMAGES**
       -against-                      :
:
FAREVA MORTON GROVE, INC. and         :  22 Civ. 4724 (AKH)
FAREVA S.A.,                          :
:
                              Defendants. :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

The Avon Company, LLC and LG H&H Company, Ltd. ("Avon"), and Fareva Morton Grove, Inc. and Fareva S.A. (collectively "Fareva") ask me to determine which party bears the burden of proof regarding the enforceability of two liquidated damages provisions in their long-term Manufacturing and Supply Agreement (the "MSA").

I hold that Fareva, as the party seeking to avoid paying the liquidated damages clauses it previously assented to, bears the burden of doing so. *See Trustees of Columbia Univ. v. D'Agostino Supermarkets, Inc.*, 36 N.Y.3d 69, 75 (N.Y. 2020) (party seeking to avoid liability for liquidated damages bears burden); *172 Van Duzer Realty Corp. v. Globe Alumni Student Assistance Ass'n, Inc.*, 24 N.Y.3d 528, 536 (N.Y. 2014) (same); *JMD Holding Corp. v. Cong. Fin. Corp.*, 4 N.Y.3d 373, 380 (N.Y. 2005) (same).

Fareva argues that this burden falls on Avon, and points to the New York Annotations to N.Y. U.C.C. § 2-718(1), which cites to a 1956 municipal court case, *Weatherproof Imp. Contracting Corp. v. Kramer*, 12 Misc. 2d 100, 105 (N.Y.C. Mun. Ct. 1956), standing for the proposition that the party seeking to enforce a liquidated damages clause bears this burden. This

argument is unavailing. The New York Annotations to the U.C.C. and a 68-year-old New York City case do not trump the decisions of the New York Court of Appeals. And though Fareva points out that the above-mentioned decisions of New York's highest court were reached in relation to the common law, under New York law contracts governed by the N.Y. U.C.C. should be "interpreted in light of common law principles to the extent not inconsistent with the U.C.C." *GE Transportation Parts, LLC v. Cent. Ry. Mfg., LLC*, 468 F. Supp. 3d 607, 615 (S.D.N.Y. 2020) (citation omitted); *see also* N.Y. U.C.C. § 1-103(b) ("Unless displaced by the particular provisions of the Uniform Commercial Code, the principles of law and equity . . . supplement [the U.C.C.'s] provisions").

Additionally, since the N.Y. U.C.C. was crafted "to make uniform the law among the various jurisdictions," N.Y. U.C.C. § 1-103(a)(3), it is appropriate for this Court to look to the decisions of other state's courts in applying the U.C.C. *See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 93 Civ. 6876 (LMM), 2000 U.S. Dist. LEXIS 1438, at *4, n.4 (S.D.N.Y. Feb. 14, 2000). And other state courts, in applying the U.C.C., uniformly hold that the party seeking to avoid paying liquidated damages bears the burden of proving their invalidity. *See, e.g., Garden Ridge, L.P. v. Advance Int'l, Inc.*, 403 S.W.3d 432, 438-39 (Tex. App. 2013); *Rodriguez v. Learjet, Inc.*, 946 P.2d 1010, 1014 (Kan. Ct. App. 1997).

Therefore, Fareva bears the burden of proof on the issue of the enforceability of the liquidated damages provisions.

SO ORDERED.

Dated:  October 25, 2025
        New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge

2