UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE AVON COMPANY, f/k/a NEW AVON LLC, and LG H&H COMPANY, LTD., Plaintiffs, -against- FAREVA MORTON GROVE, INC. and FAREVA S.A., Defendants. | **OPINION AND ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** 22 Civ. 4724 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

Trial is about to begin of the central issue of this case, whether either or both the liquidated damages clauses in their contract are enforceable. As in every case, the court's subject matter jurisdiction must be firm. With "LLCs" in the caption, and foreign entities and an assignment involved, I thought it important to assure that there was, indeed, diversity jurisdiction. This motion by Defendants to dismiss the complaint for lack of subject matter jurisdiction and real party-in-interest followed.

The Avon Company, f/k/a New Avon LLC ("Avon") and LG H&H Company, Ltd. ("LG H&H") brought this suit against Fareva Morton Grove, Inc. and Fareva S.A. (collectively "Fareva"). Avon alleges that it is a U.S. corporation organized under the laws of the State of Wyoming with its principal place of business in New York. LG H&H is a South Korean company with its principal place of business in Seoul, Korea. Fareva S.A. is a Luxembourg company with its principal place of business in Luxembourg. Fareva Morton Grove, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Illinois. LG H&H acquired Avon in August 2019.

There are two concerns: whether, at the time the lawsuit was filed, June 6, 2022, Avon was a corporation or a limited liability company, and if it is the real party in interest. If either was the case, diversity does not exist.

In April 2019, LG H&H agreed to acquire Avon LLC and completed the acquisition in August 2019. On September 1, 2020, Avon and LG H&H executed an Assignment of Contract wherein Avon "hereby assigns, transfers and conveys to [LG] all of its rights, title, interests and obligations under and to the [MSA]." ECF No. 7-2. Effective January 1, 2021, Avon LLC converted to a corporation, incorporating itself in the State of Wyoming. Its principal place of business remained in New York. When Avon filed its complaint on June 6, 2022, it was a corporation and alleged diversity jurisdiction as such.

To establish diversity of citizenship under § 1332(a), the action must be between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). "However, diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). A challenge to subject matter jurisdiction, and therefore Fareva's argument, cannot be waived. *Chadwick v. TKO Recs.*, No. 03 CIV. 10019 (AKH), 2004 WL 885820, at *2 (S.D.N.Y. Apr. 20, 2004) ("[A] challenge to subject matter jurisdiction cannot be waived and may be raised sua sponte by the district court." (citation omitted). Therefore, if Avon is not a real party in interest or if Avon is a foreign citizen, the requirements for diversity jurisdiction would not be met.

Limited liability companies are deemed to be citizens of all the states in which their constituents are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)); *see also Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). Avon, when it was an LLC, had a single owner, LG H&H, a South Korean corporation. Thus, it was a citizen of South Korea. However, prior to the filing of the complaint, it was converted into a domestic corporation. At the time of filing, Avon properly alleged diversity of citizenship because of its status as a Wyoming corporation. If, also, Avon was not the real party in interest, the lawsuit would become between foreign corporations, and subject matter jurisdiction would be destroyed.

As to the issue whether Avon is the real party in interest, "citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980) (citations omitted). Where a party assigns its rights to another, it may be grounds for determining that the party bringing the suit may not be the real party in interest. *See Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995).

Most of the cases that have considered this question inquire about assignments that create diversity, not ones that destroy it, as would be the case here. *See id.*; *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 474 (2d Cir. 1976). Such cases arise under 28 U.S.C. § 1359's prohibition on "improperly or collusively" made assignments and are given "careful scrutiny" to ensure "that parties do not inappropriately channel ordinary tort and contract litigation, essentially disputes of a local nature, into the federal courts." *Airlines Reporting Corp.*, 58 F.3d at 862. Here, I need not apply the same "careful scrutiny" to the nature of the assignment itself,

as there is no indication of collusion where the assignment would break diversity rather than create it, and the assignment is presumptively valid.

Therefore, the question of diversity hinges on whether Avon retains a real and substantial interest in the action. The relevant inquiry considers whether the party is "merely [] an agent representing the interests of others" or whether the party "seek[s] to protect any corporate interests of its own." *Id.* at 862. "If [LG H&H], as opposed to [Avon], [was] the one[] injured by the defendants' conduct, 'they cannot by enlisting [Avon] as their champion break out of the limits of the diversity jurisdiction.'" *Id.* (citing *Nat'l Ass'n of Realtors v. Nat'l Real Estate Ass'n*, 894 F.2d 937, 942 (7th Cir. 1990)). Typically, under New York law, an assignment renders the assignee the real party in interest to the contract. *See Fairchild Hiller Corp. v. McDonnell Douglas Corp.*, 270 N.E.2d 691, 693 (N.Y. 1971).

Here, Avon assigned all of its "rights, title, interests and obligations" under the MSA two years prior to the commencement of the litigation. However, such an assignment was only partial under the terms of the MSA, such that Avon had a real and substantial interest in injunctive relief when filing the action. Section 14.1 of the MSA, governing assignments, states that "[n]otwithstanding anything herein to the contrary, Purchaser shall have the right to sell Products to any Person or to have any other Person act as Purchaser." MSA § 14.1. In application, this language meant that even after assignment, Avon remained a party to the MSA because it continued to serve as the Purchaser who retained the purchasing rights under the contract. Thus, the assignment of the MSA was a partial assignment because the terms of the MSA require a partial assignment unless purchasing power is explicitly assigned.

Further, jurisdiction is assessed at the time of the filing of the complaint. *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("Satisfaction of

the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that suit is filed—the 'time-of-filing' rule."). When Avon filed this action, it sought emergency injunctive relief to enforce the transition support requirements under the MSA. As the party directly purchasing from and engaging with Fareva on orders and the transition period, Avon had a real and substantial interest in the outcome of the dispute and in the injunctive relief sought. This is sufficient to retain a real and substantial interest in the action. *In re MF Glob. Holdings Ltd. Inv. Litig.*, No. 11 Civ. 7866 (VM), 2015 WL 4610874, at *4 (S.D.N.Y. July 20, 2015) ("where there is a partial assignment, both the assignor and assignee 'retain an interest in the claim and are both real parties in interest'") (citing *Robinson v. Kamens*, 664 F. Supp. 118, 120 (S.D.N.Y. 1987)).

Additionally, under New York law the assignments are forward-looking unless the parties to the assignment explicitly include already accrued claims in the assignment. *State of California Pub. Employees' Ret. Sys. v. Shearman & Sterling*, 95 N.Y.2d 427, 435, 741 N.E.2d 101 (2000) (rejecting the argument that "the use of the word 'all' in the [] Agreement evinces an intention by [Assignor] to transfer *all claims*, including then-unknown but accrued claims"). The assignment agreement here did not explicitly discuss assignment of claims and did not state a retroactive application, and I shall not construe it as doing so. Therefore, Avon retains an interest in any MSA claims accruing before the assignment. While the breach of contract claim did not accrue until Fareva's breach in March 2022, the NSLP claims accrued earlier. I have already held that the damages period for the NSLPs begins on May 4, 2020, based on the end of Fareva's force majeure declaration. ECF No. 510. Thus, since Avon did not assign its rights to LG H&H until September 1, 2020, Avon retains a claim to those NSLP damages accruing before the assignment and remains a real party in interest to the MSA.

Therefore, I hold that despite assigning its interests in the MSA, Avon remains a real party in interest in the dispute. A Wyoming and New York corporation and a South Korean corporation are suing a Delaware and Illinois corporation, and a foreign (Luxembourg) corporation. Diversity exists, and Fareva's motion to dismiss is denied. The trial shall proceed as scheduled. The Clerk of Court shall terminate ECF No. 570.

SO ORDERED.

Dated: July 13, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge